UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE MARQUARDT, | ) | Case No.: 1:18 CV 333 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| NICOLE CARLTON, *et al.*, | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendants Nicole Carlton ("Carlton") and the City of Cleveland (collectively, "Defendants") Motion for Partial Judgment on the Pleadings (ECF No. 15) on Counts 2, 3, and 4 of Plaintiff Jamie Marquardt ("Marquardt" or "Plaintiff") claims against them. For the following reasons, Defendants' Motion is granted.

## I. BACKGROUND

On February 12, 2018, Marquardt, a former EMS captain for the City of Cleveland, initiated this action against the Emergency Medical Services ("EMS") Commission and the City of Cleveland for firing him because of the content of two Facebook posts that the city officials concluded he authored relating to the fatal shooting of Tamir Rice. (Compl., ¶¶ 21–29.) Plaintiff maintains that he discovered the following posts on his Facebook on February 14, 2016:

Post No. 1: Let me be the first on record to have the balls to say Tamir Rice should have been shot and I am glad he is dead. I wish I was in the park that day as he terrorized innocent patrons by pointing a gun at them walking around acting bad I am upset I did not get the chance to kill the criminal fucker.

Post No. 2: Stop Kevin. How would you feel if you were walking in the park and some ghetto rat pointed a gun in your face. [sic] Would you

> look to him as a hero? Cleveland sees this felony [sic] hood rat as a hero. . ."

(*Id*. at ¶ 28.)

Plaintiff vehemently denies that he authored and posted this message to his Facebook page. According to Plaintiff, after a long night of attending to and comforting a friend, he woke up to several text messages referencing the Facebook post on his page. (*Id*. at ¶¶ 15-22.) Plaintiff alleges that he "immediately deleted the post" and, "in a separate post, he wrote that someone had made some awful posts under his name and disavowed their content." (*Id*. at ¶ 23.) Plaintiff then, on his own accord, informed the Commissioner of EMS, Carlton, of the posts, explaining that he did not create the posts and that the "posts did not reflect his beliefs." (*Id*. at 24.)

Carlton initiated an investigation into Plaintiff's Facebook posts, and Plaintiff fully cooperated. (*Id*. at 26.) After a month of investigation, on March 16, 2016, Carlton terminated Plaintiff's employment with the City of Cleveland. According to Plaintiff, his termination was "based solely on the content of the Facebook posts." (*Id*. at 27.)

In his Complaint, Plaintiff asserts seven claims against Defendants. Counts 1, 6 and 7 alleges violations of the First and Fourteenth Amendments of the United States Constitution. (*Id*. at ¶¶ 31, 52, and 55.) Count 5 asserts a state law claim for negligent training. (*Id*. at ¶ 49.) Finally, and relevant to this Order, Plaintiff alleges Defendants violated: (1) Cleveland Cod. Ord § 171.49–Employees' Right to Free Expression (Count 2); (2) Cleveland Cod. Ord. § 615.13–Interfering with Civil Rights (Count 3); and (4) O.R.C. § 2921.45–Interfering with Civil Rights (Count 4). Plaintiff bring these claims (Counts 2, 3, and 4) pursuant to O.R.C. § 2607.60, which grants a plaintiff a civil cause of action for injuries sustained as a result of a defendant's violation of a criminal law. *(Id*. at ¶¶ 34, 39, and 44.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings is the same as a motion to dismiss for failure to state a claim for relief under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

The Supreme Court clarified the law in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion. When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id*. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Additionally, even though a complaint need not contain "detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all allegations in the complaint are true." *Id*.

The Court, in *Iqbal*, further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.

### III.  LAW AND ANALYSIS

In support of their Motion for Judgment on the Pleadings on Counts 2, 3, and 4 of Plaintiff's Complaint, Defendants proffer two arguments. First, they contend that claims brought pursuant to

3

O.R.C. § 2307.60 have a one-year statute of limitations and thus, because Plaintiff filed his Compliant well over one year from when the cause of action accrued, his claims are time-barred. In the alternative, Defendants argue that, to maintain a claim under O.R.C. § 2307.60, Defendants must have first been convicted of the crimes alleged in the Complaint. In opposition, Plaintiff contends that a six-year statute of limitations applies to claims brought under O.R.C. § 2307.60, and that a criminal conviction is not necessary to sustain a claim under the statute.

Under Ohio law, "an action upon. . . a liability created by statute *other than a forfeiture or penalty*, shall be brought within six years after the cause thereof accrued." O.R.C. § 2305.07(emphasis added). In contrast, O.R.C. § 2305.11(A) provides for a one-year statute of limitations for "an action upon a statute for a penalty or forfeiture." *Cleveland Mobile Radio Sales, Inc. v. Verizon Wireless*, 865 N.E.2d 1275, 1277 (Ohio 2007). Therefore, the issue of whether Plaintiff's claims are time-barred turns on whether O.R.C. §§ 2307.60(A)(1) is a penalty or forfeiture statute.

O.R.C. § 2307.60(A)(1) provides that, "[a]nyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees[,]. . . and may recover punitive or exemplary damages. . . ." Acknowledging that damages statutes can have both a "compensatory side that serves remedial purposes as well as 'punitive objectives,'" the Ohio Supreme Court explained that when "undertaking the inquiry into whether the statute is remedial or punitive," courts "must determine whether the primary purpose of the statute is to penalize or to remedy and compensate." *Cleveland Mobile Radio Sales, Inc*., 865 N.E.2d at 1279 (quoting *Cook Cty., Ill. v. United States ex rel. Chandler*, 538 U.S. 119, 130 (2003)). In doing so, a court must "look to the methods used by the General Assembly to accomplish the goals and overall purpose of the statutory scheme." *Id.* With this framework

available, Ohio courts have consistently held that claims brought under O.R.C. § 2307.60(A)(1) are subject to a one-year statute of limitations, because the statute "contemplates a penalty." *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 2017 -Ohio- 7727, 131, 2017 WL 4177024, at *24 (Ohio App. 8 Dist. 2017) (finding that O. R.C. § 2307.60 "is subject to the one-year statute of limitations in R.C. 2305.11(A)[]"); *see also Gray v. Newman*, 2008 -Ohio- 1076, 26, 2008 WL 660552, at *5 (Ohio App. 8 Dist. 2008) (dissent) (emphasizing that actions under O.R.C. § 2307.60 are "plainly barred" by a one-year statute of limitations); *see also Duffey v. Pope*, 2012 WL 4442753, at *7 (S.D. Ohio 2012) (noting that Ohio courts "clearly hold that Ohio Revised Code § 2307.60 is a penalty statute and is subject to the one year statute of limitations found in § 2305.11(A)[]").

Plaintiff argues that the Ohio Supreme Court's holding in *Jacobson v. Kaforey* requires that O.R.C. § 2307.60(A)(1) be viewed as a remedial statute. 75 N.E.3d 203, 206 (Ohio 2016). This argument is not well-taken. In *Jacobson*, the Ohio court explicitly stated that its holding was limited to "answering the certified-conflict question"—whether O.R.C. § 2307.60(A) creates a stand-alone civil cause of action for injuries resulting from a criminal act. *Id.* The court emphasized that "[a]ny ensuing issues regarding how the statute operates. . .[were] beyond the scope of [the] appeal." *Id.* Therefore, *Jacobson* is not helpful here.

Plaintiff has not cited, and the court has not identified, a single case that has applied the six-year statute of limitations to § 2307.60(A)(1) claims. Consequently, the court finds that the applicable statute of limitations for claims brought under O.R.C. § 2307.60(A)(1) is the one-year period identified in O.R.C. § 2305.11(A).

Under Ohio's discovery rule, "the statute of limitations begins to run when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered a possible cause of action." *Id.*

5

In his Complaint, Plaintiff establishes that he was terminated on March 16, 2016; however, he filed his Complaint in this court on February 12, 2018. Plaintiff does not dispute that his claims accrued more than a year before he filed them, nor does he argue that they are subject to equitable or other tolling provisions. Consequently, because Plaintiff's claims, brought under O.R.C. § 2307.60(A)(1), are time-barred, Defendants Motion is granted.

Having found that Plaintiff's claims are time-barred, it is unnecessary for the court to address the merits of Defendants' second argument, regarding whether a criminal conviction is required before a plaintiff can pursue a claim under O.R.C. § 2307.60(A)(1).

## IV. CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion for Partial Judgment on the Pleadings (ECF No.15) on Count 2 (Employees' Right to Free Expression), Count 3 (Interfering with Civil Rights), and Count 4 (Interfering with Civil Rights) of Plaintiff's Complaint.

IT IS SO ORDERED.

                                          */s/ SOLOMON OLIVER, JR.*
                                          UNITED STATES DISTRICT JUDGE

April 2, 2019