UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE MARQUARDT, | ) | Case No.: 1:18 CV 333 |
| Plaintiff | ) ) ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| NICOLE CARLTON, *et al.*, | ) ) ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff Jamie Marquardt's ("Marquardt" or "Plaintiff") combined Motion for Costs and Attorneys' Fees and Motion for Extension to file his supporting brief (ECF No. 33). Also before the court are Defendants Nicole Carlton ("Carlton") and the City of Cleveland's ("Cleveland" or the "City") (collectively, "Defendants") Motion for Costs and Attorneys' Fees (ECF No. 31) and Motion to Strike (ECF No. 44). For the following reasons, the court grants Plaintiff's Motion for Extension but denies on the merits Plaintiff's Motion for Costs and Attorneys' Fees. The court therefore denies as moot Defendants' Motion to Strike. Finally, the court grants in part and denies in part Defendants' Motion for Costs and Attorneys' Fees.

**I. BACKGROUND**

The City of Cleveland terminated Plaintiff on March 16, 2016, after an investigation into two Facebook posts that appeared on Plaintiff's account discussing the fatal police shooting of Tamir

Rice in November of 2014. (Compl. ¶¶ 21–29, ECF No. 1.) At the conclusion of the investigation, the City terminated Plaintiff for violating various provisions in the Division of Emergency Medical Service Manual of Rules and Regulations, the Division of Emergency Medical Service General Orders (specifically, the City's "Social Media Policy"), and the City of Cleveland Civil Service Rules. (Discharge Letter, ECF No. 22-11.)

Plaintiff initiated a civil action against Defendants on February 12, 2018, alleging state and federal claims relating to his termination. He denied authoring the Facebook posts but maintained that, even if he did write them, the posts were protected under the First and Fourteenth Amendments. Additionally, Plaintiff argued that Defendants' rules, regulations, and general orders were unconstitutionally broad. He therefore asked the court to enjoin Defendants' policies and grant injunctive relief in the form of reinstatement and back pay. (Compl. ¶¶ 31, 52, 55, ECF No. 1.)

On August 23, 2019, the court issued its summary judgment Order (ECF No. 29), which resolved all remaining claims. The court granted Plaintiff's Motion for Summary Judgment (ECF No. 21) with regard to the City's Social Media Policy after finding the Policy to be facially overbroad in violation of the First Amendment. (Order at PageID #1000, ECF No. 29.) The court granted summary judgment for Defendants on all other counts. (*Id.* at PageID #1001–02.) Subsequently, the court denied Plaintiff's Motion to Alter or Amend the court's judgment of August 23, 2019. (Order, ECF No. 47.)

On September 6, 2019, each party filed a Motion for costs and attorney fees. (ECF Nos. 31, 33.) Plaintiff also requested a forty-five (45) day extension to file a more detailed brief in support of his Motion. The court did not immediately rule on Plaintiff's extension request, and Plaintiff later filed his Brief in Support (ECF No. 40) while his Motion for Extension was pending. Defendants

then filed a Motion to Strike (ECF No. 44) Plaintiff's brief in support, arguing that it was filed out of rule. The court addresses each of these motions below.

## II. LAW AND ANALYSIS

### A. Plaintiff's Motion for Extension and Defendants' Motion to Strike

As an initial matter, the court grants Plaintiff's Motion for Extension (ECF No. 33) and denies as moot Defendants' Motion to Strike (ECF No. 44). District courts have broad discretion to enlarge the time for any action or motion. *See* Fed. R. Civ. P. 6(b); *see also Jarrett v. Toxic Action Wash*, 103 F.3d 129 (Table) (6th Cir. 1996). Allowing Plaintiff's Brief in Support is appropriate because Plaintiff filed his Motion for Extension before the original deadline expired and because Defendants suffer no harm as a result.

### B. Prevailing Party

Both parties seek an award for their litigation costs and attorney fees. The prevailing party in a civil action generally is entitled to reimbursement for costs, such as filing fees and expenses incurred for copying, printing, and transcripts. Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920. Courts also can award reasonable attorneys' fees to the prevailing party in civil rights cases. 42 U.S.C. § 1988(b). In this case, Plaintiff and Defendants both argue that they are the prevailing party entitled to costs and fees. Thus, the first issue before the court is determining which party prevailed.

A party "prevails" when it "has favorably effected a material alteration of the legal relationship of the parties by court order." *Balsley v. LFP, Inc.*, No. 1:08-CV-491, 2011 WL 1303738, at *3 (N.D. Ohio Mar. 31, 2011) (quotation omitted), *aff'd*, 691 F.3d 747 (6th Cir. 2012); *see also Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."). A party need win only partial

success to be considered the "prevailing party" if "they succeed on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Supreme Court has further explained that, "at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989).

Here, Defendants prevailed on Counts 1 through 5, which comprised the bulk of Plaintiff's claims for affirmative relief. (*See* Order, ECF No. 26; Order, ECF No. 29.) Although the court did rule for Plaintiff on Count 6 and part of Count 7 (finding that the City's Social Media Policy was unconstitutionally overbroad and enjoining its enforcement in the future), the court still denied the relief Plaintiff sought—namely, reinstatement and back pay. (Order, ECF No. 29.) And because Plaintiff is not an employee of the City, he in no way benefits from the court's Order enjoining the City's Social Media Policy. In other words, Plaintiff has not benefitted from this lawsuit.

Nonetheless, Plaintiff argues that, based on the Sixth Circuit's decision in *McQueary v. Conway*, 614 F.3d 591 (6th Cir. 2010), he is the prevailing party because the court found the City's Social Media Policy unconstitutional on overbreath grounds. In *McQueary*, the Sixth Circuit held that "a party who succeeds in showing that a law cannot be enforced in any of its applications due to overbreadth concerns is the epitome of a prevailing party—for he has won not just on behalf of himself but on behalf of many others as well." *Id.* at 603.

But Plaintiff's reliance on *McQueary* is misplaced. The statute at issue in that case was a broadly applicable state criminal law. *Id.* at 595–97. Because the statute applied to everyone, McQueary necessarily benefitted from the court's injunction. *Id.* at 603–04. As the Sixth Circuit said, it would be "odd" in such a scenario to say that a plaintiff is less eligible for costs and fees if they

-4-

obtain "the greater victory (striking a statute in all of its applications, *i.e.*, on its face) rather than the more narrow victory (striking the statute as applied only to his communications)." *Id.* at 603. By contrast, the City's Social Media Policy applies only to *employees of the City of Cleveland*, which means City employees are the only beneficiaries of the court's injunction. Consequently, unlike the plaintiff in *McQueary*, Marquardt can point to no favorable change in his legal relationship with the City resulting from the court's judgment. Therefore, Plaintiff has not prevailed, and his Motion for Costs and Attorneys' Fees (ECF No. 33) is denied.

Moreover, even if Plaintiff's interpretation of *McQuery* is correct, that merely means the court *could* find Plaintiff to be the prevailing party. But the court finds that he is not. Considering the case as a whole, the totality of the circumstances, and all the claims raised, the court instead finds that Defendants are the prevailing party. The key questions in this case were "the legitimacy of the City's decision to terminate [Plaintiff's] employment, and whether he should be reinstated with back pay." (Defs.' Mem. in Supp. at PageID #1009, ECF No. 31-1.) Defendants clearly won on these issues, (*see* Order, ECF No. 26; Order, ECF No. 29), resulting in an "enduring and irrevocable" legal relationship in their favor. *McQueary*, 614 F.3d at 597.

**C.    Taxable Costs**

As the prevailing party, Defendants are entitled to an award for costs pursuant to Rule 54(d). However, Defendants can recover only for costs that are reasonable and necessary. *Hartford Fin. Servs. Grp., Inc. v. Cleveland Pub. Library*, No. 1:99-CV-1701, 2007 WL 963320, at *1 (N.D. Ohio Mar. 28, 2007). In their Motion, Defendants claim $2,956.72, pursuant to 28 U.S.C. § 1920(2), for four depositions and transcripts that "[t]he Parties relied on . . . in their summary judgment briefing." (Defs.' Mem. in Supp. at PageID #1011, ECF No. 31-1.) They also claim $887.45 for copying and

printing expenses pursuant to 28 U.S.C. § 1920(3)–(4). (*Id.* at PageID #1011–12.) The court addresses these requests in turn.

    *1.    Depositions and Transcripts*

In the Sixth Circuit, the burden of initially identifying which particular deposition costs are unreasonable and unnecessary is on the party challenging the award of costs. *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) ("[I]t is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party."); *Elabiad v. Trans-West Express, LLC*, No. 3:03-CV-7452, 2006 WL 1866137, at *2 n.1 (N.D. Ohio June 30, 2006) ("[The objecting party] has not met its burden to overcome the presumption stated in Rule 54(d)(1) . . . [because it] simply states its objection to the 'cost of depositions not used at trial.' They do not, however, state with any specificity which depositions this entails."). The burden then shifts to the prevailing party to show "why a particular deposition was taken, why the testimony was necessary, or why it was reasonably anticipated that the deposition would be used." *BDT Prods. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir.2005).

Plaintiff has not met his initial burden of challenging Defendants' request for deposition costs. In opposing Defendants' Motion, Plaintiff's sole argument is that Defendants are not the prevailing party; Plaintiff does not challenge the reasonableness or necessity of the costs Defendants incurred. (*See* Pl.'s Br. in Opp., ECF No. 36) At any rate, the court finds that the depositions for which Defendants seek reimbursement were necessary to the litigation and that the amount sought is reasonable. Therefore, the court grants Defendants $2,956.72 for the four depositions.

    *2.    Printing and Copying Expenses*

For printing and copying expenses, "[t]he burden is on the party seeking reimbursement . . . to show that the copies were necessary for use in the case." *Hartford*, 2007 WL 963320, at *6

(quoting *Charboneau v. Severn Trent Labs., Inc.*, No. 5:04-CV-116, 2006 WL 897131, at *2 (W.D. Mich. Apr. 6, 2006)). Defendants request reimbursement for expenses incurred "where the copies were furnished to opposing counsel" and for "deposition exhibits; motions practice . . . ; subpoena responses; Marquardt's discovery responses . . . ; and general litigation related correspondence." (Defs.' Mem. in Supp. at PageID #1012, ECF No. 31-1.) Such costs are allowable under Rule 54(d). *See Kendel v. Local 17-A United Food & Commercial Workers*, No. 5:10-CV-2300, 2013 WL 12291706, at *7 (N.D. Ohio Jan. 25, 2013). Further, Plaintiff did not specifically object to these costs, opting instead to focus solely on refuting whether Defendant was the prevailing party. (*See* Pl.'s Br. in Opp., ECF No. 36.) Because the court finds that Defendants' copying and printing costs were necessary and reasonable, the court grants Defendants $887.45 for those expenses.

Consequently, the court grants Defendants' Motion for Costs and Attorneys' Fees (ECF No. 31) to the extent it seeks reimbursement for taxable costs under Rule 54(d). The court therefore awards Defendants reimbursement for costs in the total amount of $3,844.17.

**D.    Attorney Fees**

The next issue is whether Defendants are entitled to recover attorney fees in addition to their costs. Pursuant to the Civil Rights Attorney's Fees Award Act, a "court, in its discretion, may allow the prevailing party . . . reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). As discussed above, a prevailing party is one "in whose favor a judgment is rendered regardless of the amount of damages awarded." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Heath & Human Res.*, 532 U.S. 598, 603 (2001). The Sixth Circuit has held that "only an enforceable judgment on merits or a court-ordered consent decree can serve as the basis for prevailing party status and, thus, an award of attorney fees." *Ken-N.K., Inc v. Vernon Township*, 18 F. App'x 319, 328 (6th Cir. 2001) (citing *Buckhannon*, 531 U.S. 598)).

In civil rights actions, defendants face a higher bar to recoup attorney fees than do plaintiffs. In fact, when the defendant is the prevailing party, the district court must find "that the plaintiff's action was frivolous, unreasonable, or without foundation" before awarding fees under § 1988. *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). The Sixth Circuit has noted that, "because an award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, it must be limited to truly egregious cases of misconduct." *Lowery v. Jefferson County Bd. Of Educ.*, 586 F.3d 427, 437 (6th Cir. 2009) (quotation omitted). The Supreme Court has further cautioned courts to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421.

Although Defendants are the prevailing party, the court declines to award them attorney fees. Defendants have not shown that Plaintiff's claims were "frivolous, unreasonable, or without foundation." *Fox*, 563 U.S. at 833. While the court found that Plaintiff's abhorrent Facebook posts were not protected by the First Amendment because they did not address a matter of public concern, (*see* Order, ECF No. 29), Plaintiff's claims nonetheless required significant discovery and implicated an important constitutional question. Although Plaintiff lost on the vast majority of his claims and received no beneficial relief from the court's judgment, that alone does not justify awarding attorney fees to Defendants. Thus, Defendants' Motion for Costs and Attorneys' Fees (ECF No. 31) is denied to the extent it seeks attorney fees. And again, as discussed above, because Plaintiff is not the prevailing party, his Motion for Costs and Attorneys' Fees (ECF No. 33) is denied in its entirety.

### III. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion for Extension (ECF No. 33), denies Plaintiff's Motion for Costs and Attorneys' Fees (ECF No. 33), and denies as moot

Defendant's Motion to Strike (ECF No. 44). Defendants' Motion for Costs and Attorneys' Fees (ECF No. 31) is granted to the extent it seeks reimbursement for costs but denied insofar as it seeks attorney fees. Consistent with this Order, the court awards Defendants costs in the amount of $3,844.17.

    IT IS SO ORDERED.

                                          */s/ SOLOMON OLIVER, JR.*
                                          UNITED STATES DISTRICT JUDGE

December 9, 2019